UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SUSAN GOODLAXSON, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MAYOR & CITY COUNCIL OF BALTIMORE,<br><br>Defendant. | **Civil Action No.**  1:21-CV-01454-BPG |

### MAYOR & CITY COUNCIL OF BALTIMORE'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Mayor and City Council of Baltimore ("Defendant" or the "City"), by and through its undersigned attorneys, in accordance with Rule 8 of the Federal Rule of Civil Procedure, hereby submits this Answer in response to the Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief ("Complaint") and states as follows:

1. The City admits that the Plaintiffs' Complaint speaks for itself. To the extent additional response is required, the City denies the allegations in Plaintiffs' Complaint.

### INTRODUCTION

2. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps, sidewalks, or pedestrian right-of-way encompassed by the overbroad allegations in paragraph 2. To the extent additional response is required, the City denies the allegations in paragraph 2.

3. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps, sidewalks, or pedestrian right-of-way encompassed by the overbroad allegations in paragraph 3. To the extent additional response is required, the City denies the allegations in paragraph 3.

4. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific streets or street crossings encompassed by the overbroad allegations in paragraph 4. To the extent additional response is required, the City denies the allegations in paragraph 4.

5. Paragraph 5 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 5.

6. The City is without sufficient information to admit or deny Plaintiffs' allegations that they are individuals with mobility disabilities. The City denies the remainder of the allegations in paragraph 6.

7. The City is without sufficient information to admit or deny the IMAGE Center's allegations that it is an independent living center located in Baltimore County and that it is a non-profit, consumer-controlled organization that advocates and promotes independent living for all persons with disabilities living in Central Maryland, including Baltimore. The City denies the remainder of the allegations in paragraph 7.

8. Paragraph 8 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 8.

9. The City denies that it has failed and continued to fail to comply with the ADA. The remainder of paragraph 9 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 9.

10. Paragraph 10 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 10.

11. The City denies the allegations in paragraph 11.

12. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific pedestrian right-of-way or member of the proposed class. To the extent additional response is required, the City denies the allegations in paragraph 12.

## JURISDICTION

13. Paragraph 13 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 13.

14. Paragraph 14 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 14.

15. Paragraph 15 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 15.

## VENUE

16. Paragraph 16 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 16.

## PARTIES

17. The City is without sufficient information to admit or deny the allegations in paragraph 17.

18. The City is without sufficient information to admit or deny the allegations in paragraph 18.

19. The City is without sufficient information to admit or deny the allegations in paragraph 19.

20. The City denies any violations of law as alleged in paragraph 20. The City is without sufficient information to admit or deny the remainder of the allegations in paragraph 20.

21. The City admits that it is responsible for constructing, maintaining, repairing, and regulating pedestrian rights-of-way, but denies Plaintiffs' implied assertion that a right-of-way is itself a program under the ADA. To the extent additional response is required, the City denies the allegations in paragraph 21.

22. The City admits the allegations in paragraph 22.

## **FACTUAL ALLEGATIONS**

23. The City denies the allegations in paragraph 23.

24. The City is without sufficient information to admit or deny the allegations in paragraph 24, as the City does not know the specific data to which Plaintiffs refer.  Additionally, the City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps, sidewalks, or pedestrian right-of-way.  To the extent additional response is required, the City denies the allegations in paragraph 24.

25. The City admits that the 2016 Self-Evaluation and Baltimore Guidelines, as defined by paragraph 25, speak for themselves.  To the extent additional response is required, the City denies the allegations in paragraph 25.

26. The City admits the allegations in paragraph 26.

27. The City admits the allegations in paragraph 27.

28. The City admits that the 2019 Survey, as defined by paragraph 27, speaks for itself. To the extent additional response is required, the City denies the allegations in paragraph 28.

29. The City admits that the 2019 Survey, as defined by paragraph 27, speaks for itself. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps.  To the extent additional response is required, the City denies the allegations in paragraph 29.

30. The City admits that the 2019 Survey, as defined by paragraph 27, speaks for itself. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps.  To the extent additional response is required, the City denies the allegations in paragraph 30.

31. The City admits that the 2019 Survey, as defined by paragraph 27, speaks for itself. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific

curb ramps. To the extent additional response is required, the City denies the allegations in paragraph 31.

32. The City admits that the 2019 Survey, as defined by paragraph 27, speaks for itself. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific sidewalks. To the extent additional response is required, the City denies the allegations in paragraph 32.

33. The City denies the allegations in paragraph 33.

34. The City denies the allegations in paragraph 34.

35. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific sidewalks and curb ramps. To the extent additional response is required, the City denies the allegations in paragraph 35.

36. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific streets. To the extent additional response is required, the City denies the allegations in paragraph 36.

37. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific streets and curb ramps. To the extent additional response is required, the City denies the allegations in paragraph 37.

38. The City denies the allegations in paragraph 38.

39. The City denies the allegations in paragraph 39.

### EXPERIENCES OF THE NAMED PLAINTIFFS

40. The City denies the allegations in paragraph 40.

41. The City is without sufficient information to admit or deny the allegations in paragraph 41.

42. The City is without sufficient information to admit or deny the allegations in paragraph 42 as to the specific experiences of Plaintiff Goodlaxson. The City denies the allegations

in paragraph 42 as to what is or is not typical of the sidewalks in any part of Northeast Baltimore. To the extent additional response is required, the City denies the allegations in paragraph 42.

43. The City is without sufficient information to admit or deny the allegations in paragraph 43 as to the specific experiences of Plaintiff Goodlaxson. To the extent additional response is required, the City denies the allegations in paragraph 43.

44. The City is without sufficient information to admit or deny the allegations in paragraph 44 as to the specific experiences of Plaintiff Jackson. To the extent additional response is required, the City denies the allegations in paragraph 44.

45. The City is without sufficient information to admit or deny the allegations in paragraph 45 as to the specific experiences of Plaintiff Jackson. To the extent additional response is required, the City denies the allegations in paragraph 45.

46. The City is without sufficient information to admit or deny the allegations in paragraph 46 as to the specific experiences of Plaintiff Jackson. To the extent additional response is required, the City denies the allegations in paragraph 46.

47. The City is without sufficient information to admit or deny the allegations in paragraph 47 as to the specific experiences of Plaintiff Mayo. To the extent additional response is required, the City denies the allegations in paragraph 47.

48. The City is without sufficient information to admit or deny the allegations in paragraph 48 as to the specific experiences of Plaintiff Mayo. To the extent additional response is required, the City denies the allegations in paragraph 48.

49. The City is without sufficient information to admit or deny the allegations in paragraph 49 as to the specific experiences of Plaintiff Mayo. To the extent additional response is required, the City denies the allegations in paragraph 49.

50. The City is without sufficient information to admit or deny the allegations in paragraph 50.

51. The City denies the allegations in paragraph 51 as to "pervasive barriers to accessibility" and is without sufficient information to admit or deny the remainder of the allegations in paragraph 51.

## CLASS ALLEGATIONS

52. Plaintiffs' Complaint speaks for itself and no response to paragraph 52 is required. To the extent a response is required, the City denies the allegations in paragraph 52.

53. The City denies the allegations in paragraph 53, as there is no class, and the City maintains that Plaintiffs' allegations are not suitable to class treatment.

54. The City denies the allegations in paragraph 54.

55. The City denies the allegations in paragraph 55.

56. The City denies the allegations in paragraph 56.

57. The City denies the allegations in paragraph 57.

58. The City denies the allegations in paragraph 58.

59. The City denies the allegations in paragraph 59.

60. The City is without sufficient information to admit or deny the allegations in paragraph 60.

61. The City denies the allegations in paragraph 61.

62. The City admits that the Plaintiffs' Complaint speaks for itself. To the extent additional response is required, the City denies the allegations in Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. § 12131, *et seq.*)

63. Paragraph 63 re-alleges and incorporates previously alleged paragraphs in Plaintiffs' Complaint and, thus, the City restates its previous responses and no further response is required. To the extent additional response is required, the City denies the allegations in Plaintiffs' Complaint.

64. Paragraph 64 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 64.

65. The City is without sufficient information to admit or deny the allegations in paragraph 65.

66. Paragraph 66 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 66.

67. The City admits the allegations in paragraph 67.

68. Paragraph 68 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 68.

69. Paragraph 69 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 69.

70. The City denies the allegations in paragraph 70.

71. Paragraph 71 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 71.

72. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps or sidewalks. To the extent additional response is required, the City denies the allegations in paragraph 72.

73. Paragraph 73 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 73.

74. The City is without sufficient information to admit or deny Plaintiffs' allegations as to any specific curb ramps or sidewalks. To the extent additional response is required, the City denies the allegations in paragraph 74.

75. Paragraph 75 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 75.

76. The City denies the allegations in paragraph 76.

77. The City denies the allegations in paragraph 77.

78. The City denies the allegations in paragraph 78.

79. The City denies the allegations in paragraph 79.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
## (29 U.S.C. § 794, *et seq.*)

80. Paragraph 80 re-alleges and incorporates previously alleged paragraphs in Plaintiffs' Complaint and, thus, the City restates its previous responses and no further response is required. To the extent additional response is required, the City denies the allegations in Plaintiffs' Complaint.

81. Paragraph 81 sets forth a legal position to which no response is required. To the extent a response is required, the City denies the allegations in paragraph 81.

82. The City is without sufficient information to admit or deny the allegations in paragraph 82.

83. The City admits the allegations in paragraph 83.

84. The City denies the allegations in paragraph 84.

85. The City denies the allegations in paragraph 85.

86. The City denies the allegations in paragraph 86.

87. The City denies the allegations in paragraph 87.

## PRAYER FOR RELIEF

88. Paragraph 88 is a request for relief to which no response is required. To the extent a response is required, the City denies the allegations in Plaintiffs' Complaint and Plaintiffs' prayer for relief.

89. Paragraph 89 is a request for relief to which no response is required. To the extent a response is required, the City denies the allegations in Plaintiffs' Complaint and Plaintiffs' prayer for relief.

90. Paragraph 90 is a request for relief to which no response is required. To the extent a response is required, the City denies the allegations in Plaintiffs' Complaint and Plaintiffs' prayer for relief.

91. Paragraph 91 is a request for relief to which no response is required. To the extent a response is required, the City denies the allegations in Plaintiffs' Complaint and Plaintiffs' prayer for relief.

92. Paragraph 92 is a request for relief to which no response is required. To the extent a response is required, the City denies the allegations in Plaintiffs' Complaint and Plaintiffs' prayer for relief.

93. Except as specifically stated otherwise herein, the City denies the allegations in Plaintiffs' Complaint.

94. The City reserves the right to amend its Answer as additional information becomes available.

## ADDITIONAL DEFENSES

1. Plaintiffs' Complaint fails to allege a cognizable ADA violation in many respects. Plaintiffs allege that they were denied "program access" to Baltimore's pedestrian right-of-way program in violation of 28 C.F.R. § 35.150. *See* Compl. at ¶¶ 11, 59, 70. Title II of the ADA requires a public entity to operate "each service, program, or activity" so that "when viewed in its entirety, it is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a). This requirement does not, however, "require a public entity to make each of its existing facilities accessible to and usable by individuals with disabilities." *Id.* at § 35.150(a). As long as the "program" as a whole is accessible, the ADA does not require perfect accessibility. *See Kirola v. City of San Francisco*, 860 F.3d 1164, 1184 (9th Cir. 2017) (stating that "perfect accessibility is not the applicable standard under 28 C.F.R. § 35.150," which requires only that the "program as a whole be accessible" – not that all access barriers be remedied.); *see also Daubert v. Lindsay*

10

*Unified Sch. Dist.*, 760 F.3d 982, 987 (9th Cir. 2014) (holding that a set of bleachers at a high school football field were a "facility," not a "program," and that the ADA does not require an entity to make *each* facility accessible as long as the program as a whole is accessible.).

    2.    The "program access" inquiry is not to be made sidewalk by sidewalk – *i.e.,* whether each individual sidewalk is accessible to persons with disabilities – but at the level of the overall program at issue (the City's pedestrian right-of-way program "when viewed in its entirety"). 28 C.F.R. § 35.150(a). The Named Plaintiffs allege inconvenience navigating certain City sidewalks, but do not allege that the City's pedestrian right-of-way program is inaccessible to them as a whole. *See e.g.,* Compl. at ¶ 42 (alleging that Ms. Goodlaxson must "enter her car from the sidewalk" because she does not have a curb ramp on her block of 3400 Glenmore Avenue); *id.* at ¶ 43 (alleging that Ms. Goodlaxson is "deterred from using the City's sidewalks to visit public facilities" due to the "lack of compliant curb ramps on the 3400 Glenmore Avenue block and elsewhere . . ."); *id* at ¶¶ 44-45 (alleging that Ms. Jackson "does not have a clear pedestrian right-of-way on Loch Raven Boulevard that allows her to go shopping . . ."); *id.* at ¶ 48 (alleging that Ms. Mayo "does not have access to a clear pedestrian right-of-way in her neighborhood," and that the sidewalks in the Pennsylvania and North Avenue area are obstructed by trees and construction).

    3.    Plaintiffs' program accessibility claims are limited to the extent that the ADA's "fundamental alteration" exception applies. In meeting the program accessibility requirement of the ADA, a public entity is not required to "take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial administrative burdens." 28 C.F.R. § 35.150(a)(3).

    4.    Plaintiffs' claims are limited to the extent that the ADA's "safe harbor" applies. The revised 2010 Title II ADA regulations specify that "[e]lements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in either the 1991 Standards or in the Uniform

Federal Accessibility Standards (UFAS) . . . are not required to be modified in order to comply with the requirements set forth in the 2010 Standard." 28 C.F.R. 35.150(b)(2)(i). To the extent the City's sidewalks and/or curb ramps were built or altered prior to March 15, 2012, and comply with the accessibility requirements set forth in the 1991 ADA Standards for Accessible Design or in the UFAS, these sidewalks and/or curb ramps are not required to comply with the ADA's 2010 Standard.

5.  Pertinent to Plaintiffs' allegations that the City performed "new construction" and/or "alterations" to the City's pedestrian rights-of-way, the City will determine whether the alleged renovations triggered the ADA's accessibility requirements for "new construction and alterations" set forth in 28 C.F.R. § 35.151. Specifically, to the extent that the City's 2011-2013 repaving project, Compl. ¶ 37, did not constitute an "alteration" under Section 35.151(b), the City is not required to bring the associated curb ramps into compliance with the ADA's alteration requirements. Moreover, to the extent that full compliance with the requirements of Section 35.151(a) is "structurally impracticable" for any alleged "new construction," the City is entitled to the exception set forth in 28 C.F.R. § 35.151(a)(2).

6.  Plaintiffs seek injunctive relief requiring the City to prepare "a complete Self-Evaluation and a complete and publicly available Transition Plan regarding the accessibility of the existing pedestrian right-of-way in compliance with Title II of the ADA and Section 504." *See* Compl. at ¶ 90(g). This requested relief is unavailable to Plaintiffs because there is no private cause of action to enforce the ADA's Self-Evaluation or Transition Plan regulations set forth in 28 C.F.R. §§ 35.105 and 35.150. *See* 28 C.F.R. § 35.105 (requiring a public entity to conduct a self-evaluation under certain circumstances); 28 C.F.R. § 35.150(d)(1) (requiring a public entity to develop a "transition plan" under certain circumstances).

WHEREFORE, Mayor and City Council of Baltimore requests that this Court dismiss Plaintiff's Complaint, award Mayor and City Council of Baltimore reasonable costs and expenses,

including attorney's fees, and grant such other and further relief as the Court deems fair and equitable.

Respectfully Submitted,

*/s/ Thurman W. Zollicoffer, Jr.*
Thurman W. Zollicoffer, Jr. (Bar # 23256)
Peter W. Sheehan, Jr. (Bar # 29310)
Nelson Mullins Riley & Scarborough, LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
Phone: (443) 392-9419
Fax: (443) 392-9499
thurman.zollicoffer@nelsonmullins.com
peter.sheehan@nelsonmullins.com
*Attorneys for Defendant, Mayor & City Council of Baltimore*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2021, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

*/s/ Thurman W. Zollicoffer, Jr*
Thurman W. Zollicoffer, Jr.